UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,                )                                                      | |
|                                                                        ) | |
|               Plaintiff,          ) | |
|                                                                        ) | |
|   vs.                                                 )   Cause No. 1:09-cr-0015-01 SEB/KPF | |
|                                                                        ) | |
| SYLVESTER REEVES,                              ) | |
|                                                                        ) | |
|              Defendant.         ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Sarah Evans Barker, Judge, on March 19, 2012, designating this Magistrate Judge to conduct hearings on the Petition for Summons or Warrant for Offender Under Supervision, filed with the Court on March 15, 2012, and to submit to Judge Barker proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(i) and 3583(e).  All proceedings in this matter were held on September 13, 2012, pursuant to Title 18 U.S.C. §3583, and Rule 32.1(a)(1) of the *Federal Rules of Criminal Procedure*.[1]  The government appeared by Matt Rinka, Assistant United States Attorney; the defendant appeared in person with his appointed counsel, William Dazey, Office of the Indiana Federal Community Defender; and Chris Dougherty, U.S. Parole and Probation officer, appeared and participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted.  *See*, Title 18, United States Code, Section 3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. That William Dazey, Office of the Indiana Federal Community Defender, appointed counsel, was present to represent Mr. Reeves in regard to the Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Reeves and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Reeves was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. That Mr. Reeves would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. That Mr. Reeves had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Reeves had violated the alleged condition or conditions of supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Barker's designation on March 19, 2012.

7. Mr. Dazey stated that Sylvester Reeves would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition. Mr. Reeves orally waived the preliminary examination and he was held to answer.

8. Mr. Reeves, by counsel, stipulated that he committed specifications of violations numbered 1, 2, 3, 4, 6 and 7 set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court as follows:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| 2 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| 3 | **"The defendant shall not frequent places where controlled substances are illegally sold used, distributed, or administered."** |
| | The offender submitted two urine screens which tested positive for marijuana on February 22, 2012 and February 24, 2012. |
| 4 | **"The defendant shall participate in a program of testing for substance abuse and shall pay a portion of the fees of testing as directed by the probation officer."** |
| | The offender failed to report for four random urine drug screens on: January 25, 2012; January 27, 2012; February 19, 2012; and on February 28, 2012. The offender submitted a dilute urine drug screen on February 6, 2012. |
| 6 | **"The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons."** |
| | The offender has not ben verifiably employed since he began supervision. When he started supervision on December 27 2011, the offender reported he was employed at Trends through Forge Staffing Services. On January 6, 2012, the offender advised this officer that he was fired from Trends on January 6, 2012, for excessive absences. The offender provided pay stubs for verification of his employment at Trends. This officer contact Forge Staffing on January 11, 2012, |

and the human resources department advised Sylvester Reeves applied for employment on November 11, 2011, but was never placed for employment. The offender was confronted regarding this information and e admitted he had been lying about his employment since he was living in Volunteers of America and admitted submitting fraudulent pay stubs which he created to the probation office. On January 24, 2012, the offender reported he was working as a cook at a club in Indianapolis yet he could not provide an address or telephone number for the business.

**7**    **"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."**

The offender has provided untruthful information to the probation officer regarding his residence, employment, and associations. He has lied about living at four separate residences, he has lied about his employment and provided fraudulent pay stubs he created, and he liked about possessing a cell phone.

The Court placed Mr. Reeves under oath and directly inquired of him whether he admitted specifications of violations of his supervised release set forth above. Mr. Reeves stated that he admitted the above violations as set forth. The government moved to dismiss specification numbered 5 contained in the Petition to revoke defendant's supervised release, filed March 15, 2012 and the Court now dismisses same. The Court now finds there is a basis in fact for his admissions and accepts same.

Counsel for the parties further stipulated to the following:

1) Mr. Reeves has a relevant criminal history category of IV, U.S.S.G. §7B1.4(a).

2) The most serious grade of violation committed by Mr. Reeves constitutes a Grade C violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Reeves is 6-12 months.

    4)  The appropriate disposition of the case would be one year and one day in the custody of the Attorney General or his designee, with three years of supervised release to follow.

The Court having heard the admissions of the defendant, stipulations of the parties, and the arguments and discussions of behalf of each party, **NOW FINDS** that Mr. Reeves violated the conditions of supervised release as delineated in the Petition to Revoke his supervised release.

Mr. Reeves's supervised release is therefore **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for a period of one year and one day. Upon release from confinement, Mr. Reeves will be subject to three years of supervised release.

The Magistrate Judge requests that Chris Dougherty, U. S. Parole and Probation Officer, prepare for submission to the Honorable Sarah Evans Barker, Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Reeves stipulated in open court waiver of the following:

  1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

  2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Reeves entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate

Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Mr. Reeves' supervised release and imposing a sentence of imprisonment of one year and one day in the custody of the Attorney General. Upon Mr. Reeves' release from confinement, he will be subject to a term of three years of supervised release.

IT IS SO RECOMMENDED this 13th day of September, 2012.

_____
Kennard P. Foster, Magistrate Judge
United States District Court

Distribution:

Matthew Rinka,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

William Dazey,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis,   IN 46204

U. S. Parole and Probation

U. S. Marshal