UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:09-cr-0015-SEB-DML-1 |
| | ) | |
| SYLVESTER REEVES, | ) | |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Sarah Evans Barker, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on March 7, 2014, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on April 17, 2014, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On April 17, 2014, defendant Sylvester Reeves appeared in person with his appointed counsel, Bill Dazey. The government appeared by James Warden, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Chris Dougherty, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

1

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Reeves of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Reeves questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Reeves and his counsel, who informed the court they had reviewed the Petition and that Mr. Reeves understood the violations alleged. Mr. Reeves waived further reading of the Petition.

3. The court advised Mr. Reeves of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Reeves was advised of the rights he would have at a preliminary hearing. Mr. Reeves stated that he wished to waive his right to a preliminary hearing.

4. Mr. Reeves stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition. Mr. Reeves executed a written waiver of the preliminary hearing, which the court accepted.

5. The court advised Mr. Reeves of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

6. Mr. Reeves, by counsel, stipulated that he committed Violation Numbers 1, 2, 3, 4, 5, and 6 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.** |
| 2 | **The defendant shall not unlawfully possess a controlled substance.** |
| 3 | **The defendant shall refrain from any unlawful use of a controlled substance.** |

Sylvester Reeves has submitted eight positive drug screens. Five drug screens tested positive for cocaine on October 19, 2013; November 14, 2013; November 18, 2013; November 25, 2013 (this drug screen also tested as dilute); and February 20, 2014. Three drug screens tested positive for marijuana on December 21, 2013; December 28, 2013; and December 30, 2013. The first seven screens were incurred prior to the offender's placement in Volunteers of America on January 10, 2014, which was a modification of his conditions due to his drug use. The last screen on February 20, 2014, occurred while he was a resident of V.O.A. The offender admitted ingesting illegal drugs to produce all of the positive urine screens except for the last one on February 20, 2014, which he denies.

| | |
|---|---|
| 4 | **If this judgment imposes a fine or restitution, it is a condition of probation/supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.** |

The offender has not made any payments toward his restitution debt while on supervision. He has been employed approximately three months during this supervision period.

| | |
|---|---|
| 5 | **The defendant shall participate in a substance abuse treatment program at the direction of the probation officer, which may include no more than eight drug tests per month. The defendant shall abstain from the use of all intoxicants, including, alcohol, while participating in a substance abuse treatment program. The defendant is responsible for paying a portion of the fees of substance abuse testing and/or treatment.** |

The offender failed to report for seven drug screens on August 3, 2013; September 25, 2013; September 28, 2013; September 30, 2013; November 6, 2013; December 2, 2013; and January 8, 2014. The offender failed to report for two drug treatment sessions on January 9, 2014, and on January 22, 2014. The offender has only paid $25 toward his substance abuse co-pay fee of $150.

6  **"The defendant shall reside for a period of up to six months at a Residential Reentry Center (RRC) as directed by the probation officer and shall observe the rules of that facility.**

The offender signed a waiver to modify his conditions of supervision to include placement at a residential reentry center as a result of his illegal drug use and his claim that he wanted to get clean and obtain substance abuse treatment. The Court offered that modification on December 18, 2013, and the offender reported to Volunteers of America on January 10, 2014. On March 5, 2014, the offender left Volunteers of America on a pass to obtain a money order, and was due to return to the facility at 8:30 pm; however, he never returned to the facility and did not contact the facility to advise of his whereabouts. On March 6, 2014, this officer made repeated attempts to contact the offender by his cell phone, with no response received. The offender's whereabouts are currently unknown.

7. The court placed Mr. Reeves under oath and directly inquired of Mr. Reeves whether he admitted violations 1, 2, 3, 4, 5, and 6 of his supervised release set forth above. Mr. Reeves admitted the violations as set forth above.

8. The parties and the USPO further stipulated that:

   (a) The highest grade of Violation (Violation 3) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

   (b) Mr. Reeves' criminal history category is 4.

   (c) The range of imprisonment applicable upon revocation of Mr. Reeves' supervised release, therefore, is 12-18 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9. The parties agreed on the appropriate disposition of the Petition to recommend to the court as follows: (a) the defendant's supervised release is to be revoked; (b) the defendant will be sentenced to the Bureau of Prisons for a period of eighteen (18) months, with no supervised release to follow; (c) the defendant is to be taken into immediate custody; and (d) a recommendation of placement to a facility closet to Indianapolis, Indiana.

The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the

defendant, SYLVESTER REEVES, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of eighteen (18) months, with no supervised release to follow. The defendant is to be taken into immediate custody with a recommendation of placement to a facility closet to Indianapolis, Indiana.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*. Any party desiring said review shall have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge. If written objections to the Magistrate Judge's proposed findings of fact and recommendations are made, the District Judge will make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made.

Counsel for the parties and Mr. Reeves stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge=s Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. ' 636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Reeves entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. ' 3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the

Magistrate Judge=s Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Reeves' supervised release, imposing a sentence of imprisonment of eighteen (18) months, with no supervised release to follow. The defendant is to be taken into immediate custody with a recommendation of placement to a facility closet to Indianapolis, Indiana.

IT IS SO RECOMMENDED.

Date: 04/18/2014

*Denise LaRue*
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal